**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS YACKELIN VARELA MARTINEZ; FAVIANA VARELA MARTINEZ, | No. 22-106 |
| Petitioners, | Agency Nos. A202-162-916 A202-162-917 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2023**
San Francisco, California

Before: W. FLETCHER, CALLAHAN, and LEE, Circuit Judges.

Francis Varela Martinez petitions for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing her appeal from the denial of her

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *J.R. v. Barr*, 975 F.3d 778, 781 (9th Cir. 2020). We deny the petition.

Varela Martinez argues that the BIA erred in finding the Honduran government able and willing to prevent the domestic violence and abuse that prompted her to leave Honduras. Her testimony and declaration indicate that when she called the police to protect her from her ex-partner Cardona, the responding officer told Cardona to stay away from her and remained with him while Varela Martinez left the area. The threat of police involvement also stopped the attempted assault by Wuester that immediately preceded her departure from Honduras. In addition, Varela Martinez testified that restraining orders are available to victims of domestic violence and that her "worst mistake" was not reporting Cardona's abuse earlier. We must conclude that substantial evidence supports the BIA's finding unless "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *J.R.*, 975 F.3d at 781–82 (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)). In light of the above, we cannot say that the record as a whole "compels the conclusion" that the agency's finding was erroneous. *Davila v. Barr*, 968 F.3d

2

1136, 1141 (9th Cir. 2020) (quoting *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000)).

The record also does not compel a finding that relocation within Honduras would be unsafe or unreasonable. Varela Martinez argues that the BIA erred by placing the burden on her to prove she could not safely relocate, but that burden is appropriate when an asylum applicant has not shown past persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Varela Martinez testified that her abusers would be able to find her "through acquaintances or friends" if she returned to Honduras, but she also testified that she did not know how they could find her unless she disclosed her new location to people whom her abusers knew. She was able to avoid Cardona for five years and Wuester for several months before leaving Honduras.

We deny the petition as to Varela Martinez's CAT claim for similar reasons. "Torture must be inflicted by, at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020). Just as the record does not compel the conclusion that the Honduran government has been unable or unwilling to protect Varela Martinez, it also does not compel the conclusion that

the Honduran government has been "willfully blind" to the domestic violence and assaults she has faced. *Id.*

Finally, Varela Martinez argues that her case should be remanded because *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), has changed the standard for evaluating a particularized social group. Because the Government has not contested on appeal Varela Martinez's claim that she is a member of a cognizable particularized social group, and because the BIA did not rely on the "complete helplessness" standard for a government's unwillingness or inability to prevent violence that was called into question by *A-B-*, remand is unnecessary. *See A-B-*, 28 I. & N. Dec. at 309; *see also Matter of A-B-*, 27 I. & N. Dec. 316, 337 (A.G. 2018), *overruled by A-B-*, 28 I. & N. Dec. 307.

**PETITION DENIED.**